IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## SEPTEMBER TERM, 1793.

[174]   SHOTWELL'S EXECUTORS v. DENNMAN.

1. A tender of continental money made before October 5th, 1779, is bad, unless proved to be of some emission prior to September 20th, 1776.

2. Tenders are *stricti juris*, and nothing will be presumed in their favor.

3. Notice must be given of making a tender.

In error from the Court of Common Pleas of Essex county.

This was an action of debt on a bond. The defendant pleaded payment, and gave plaintiffs notice that he would prove a tender in continental bills. On the trial he proved that between the 20th of September, 1776, and the 3d of October, 1779, he had made a tender in continental bills. The court charged the jury that it was not necessary to prove the bills to have been emitted prior to the 20th September, 1776; to which opinion a bill of exceptions was taken, and the question before this court on the writ of error was, whether this opinion of the court below was correct.

KINSEY, C. J.

On the trial of this cause the defendant proved that in the month of June, 1777, he tendered to the plaintiffs' testator ninety-five dollars in continental money, who refused it, say-

202

ing that it was not made to pay debts but to support war, and he would rather lose his debt than receive it in payment. On this evidence, after reading the act of September 20th, 1776, (a) the defendant rested.

The counsel for the plaintiffs insisted it was not a legal tender, unless the defendant further showed that the bills were emitted prior to the passing of this act, as, under that, bills then emitted were alone made a tender; but the court held the tender sufficient.

On a perusal of that act, we are clear that to enable a party to claim the benefit of it he must prove the bills he offered are such as are thereby made a tender. The preamble recites that disaffected persons had refused to take the bills which the continental congress and the late convention emitted, and then it is enacted, "that the bills emitted and made current by the continental congress and the con-[175]-vention of the state, shall be, when properly tendered, a bar to any future demand."

The act of 1779, (*Wilson's Laws, App.* 4, *No.* 3,) after reciting that doubts had arisen whether bills emitted after September, 1776, were a legal tender under the preceding law, enacts that those which have been already emitted and those hereafter to be emitted, should be a legal tender.

The act of 1776 is highly penal, and is not to be extended beyond the strict import of its language; a tender made under it not only stops interest as at common law, but operates as a total and absolute discharge of the debt. Tenders are always to be considered *stricti juris*, and if it be not legal, even a court of equity will not support it, nor supply a defect. *Gammon* v. *Stone*, 1 *Vesey* 339. Nor are they any more favored at law; the rules which govern them are strict, and are strictly applied. The whole sum due must be tendered, although the debtor may be ignorant of its precise amount. To say "I am ready to pay you" is insufficient: there must be an offer of payment. In like manner the refusal must be absolute; to refuse "till I consult my attorney" is not a re-

(a) See *Wilson's Laws, App.* 3, *No.* 2.

fusal in law. If a tender be made after the day of payment, it is not good unless the debtor has given reasonable notice of the time and place of his making it. In the case before the court, however, the proof of the tender was essentially defective, inasmuch as the defendant did not prove the bills he offered to be of an emission existing in September, 1776.

Reverse the judgment.

NOTE.—See the cases of *Johnson* v. *Horker*, 1 *Dall.* 406; *Mumford* v. *Wright*, *Kirby* 297; *Williamson* v. *Bacot*, 1 *Bay.* 62; *Moore's Lessee* v. *Pearce*, 2 *Harris and McHenry* 236; *Downman* v. *Downman's Executors*, 1 *Wash.* 26.

